Case 4:21-cv-04130   Document 8   Filed on 01/06/22 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
January 06, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EMERSON HANDY, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:21-CV-4130 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

### ORDER OF DISMISSAL

Texas state inmate Emerson Handy filed a petition for a writ of habeas corpus challenging his state court conviction for burglary of a habitation. Handy states that his petition is filed under 28 U.S.C. § 2241 but, because he is challenging a state court conviction, his petition is governed by 28 U.S.C. . § 2254.

Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254 requires a judge to "promptly examine" a newly filed petition. The rule states, in part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."

Handy previously challenged this conviction in another habeas corpus petition. That petition was dismissed because it was barred by the statute of limitations. *See Handy v. Davis*, No. 4:18-cv-3560 (S.D. Tex. Jan. 21, 2020). For the same reasons that his prior petition was time-barred, this petition, filed more than three years later,

is also time-barred. The petition (Doc. # 1) is DISMISSED AS TIME-BARRED. No certificate of appealability is issued.

It is so ORDERED.

SIGNED on this 6th day of January, 2022.

_____
Kenneth M. Hoyt
United States District Judge